IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUIS E. CLASS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-996-O |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by Petitioner, Luis E. Class ("Class"), a state prisoner confined in the Correctional

Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against

Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief

sought by Petitioner Class, the Court concludes that the § 2254 petition must be **DENIED**.

**I.     BACKGROUND**

   **A.     Procedural History**

Class is in the custody of TDCJ pursuant to three convictions out of Criminal District

Court Number 4, Tarrant County, Texas in cause number 1507196D (comprised of three counts),

styled *The State of Texas v. Luis E. Class*. SHCR-02, at 6–11, ECF No. 18-18.[1] Class was

charged with and pleaded not guilty to two counts of sexual assault of a child under 17 years of

---

[1]"SHCR-01"and "SHCR-02" refer to the Clerk's Record of pleadings and documents filed with the court during Class's state habeas proceedings. *See generally, Ex parte Class*, No. 92,580-01 (Tex. Crim. App. 2021) and No. 92,580-02 (Tex. Crim. App. 2022). The state court records are placed on the docket of this case at ECF numbers 18-16 through 18-26.

age and one count of indecency with a child by contact. SHCR-02 at 5, ECF No. 18-16; 3 RR 5–7, ECF No. 18-3.[2] A jury found Class guilty on all three counts and sentenced him to twelve years' imprisonment on each count of sexual assault of a child and five years' imprisonment on the count of indecency with a child, the sentences to run concurrently. SHCR-02 at 6–11, ECF No. 18-18; 5 RR 6, ECF No. 18-5; 6 RR 26-27, ECF No. 18-6. Class's conviction was affirmed by the Second Court of Appeals of Texas on April 29, 2021. *Class v. State*, No. 02-20-00019-CR, 2021 WL 1685953 (Tex. App. Apr. 29, 2021). The Texas Court of Criminal Appeals (TCCA) refused Class's petition for discretionary review (PDR) on July 28, 2021. *Class v. State*, PD-0340-21 (Tex. Crim. App. 2021).

Class's first application for state writ of habeas corpus was dismissed because his conviction was not final at the time of filing. *See* SHCR-01 at 15–30, ECF No. 18-16; SHCR-01 "Action Taken" Sheet, ECF No. 18-17. Class constructively filed a second application for state writ of habeas corpus challenging his convictions on December 30, 2021. SHCR-02 at 16–31, ECF No. 18-18. The TCCA denied the application without written order on findings of the trial court without a hearing and on the court's independent review of the record on January 11, 2023. *Id.* at "Action Taken" Sheet, ECF NO. 18-24. Class then constructively filed the instant federal § 2254 petition on September 22, 2023. Pet. 15, ECF No. 1.

**B.      Statement of Facts**

The State summarized the facts of this case on direct appeal as follows:

*Background facts*

---

2 "RR" refers to the statement of facts of the hearings in the Reporter's Record, preceded by the volume number and followed by the page number(s). The Reporter's Record is placed on the docket of this case at ECF numbers 18-1 through 18-7.

Luis Class ("Appellant") met R.R.'s father when Appellant worked for her father as a teen in Puerto Rico. RR 4:105-06. Years later, Appellant and R.R. reconnected and became romantically involved. RR 4:106. The couple married, and Appellant quickly became a father figure to R.R.'s two young daughters. RR 3:62. The girls called Appellant "Papi," a name Puerto Rican children use to refer to their fathers. RR 3:62.

*Appellant's crime*

In 2013, Appellant's aunt gave the girls a trip to Texas as a Christmas present. RR 4:107. During the trip, one of the girls got sick, and the family moved to Texas to care for her. RR 4:107. The family has lived in Texas ever since. RR 4:107.

In 2017, two police officers showed up at the family's home, wanting to speak with R.R. and her daughter, D.M. RR 3:68-69. R.R. was confused; she had no idea why the police might want to speak with her or D.M. RR 3:68. At the police station, R.R. found out why the police wanted to speak with her – D.M.'s aunt ("Aunt") had called them. RR 3:140.

Aunt called the police because, during a family trip to Florida, D.M. revealed that Appellant had sexually abused and raped her on several occasions over the last year. RR 3:119-140. When the police confronted Appellant, alleging that he inappropriately touched D.M., Appellant replied, "If that's what [D.M.] said happened, that's what happened." RR 3:53.

*Pre -trial/trial*

Appellant was appointed counsel in his criminal proceedings. CR 32. While represented, Appellant filed a *pro se* motion for speedy trial (CR 62), a *pro se* motion for bond reduction (CR 54),1 and a *pro se* personal-recognizance motion (CR 57). Though an associate judge orally denied Appellant's bail reduction request, the trial court did not enter a written order on any of Appellant's *pro se* motions. Class v. State, 02-19-00464-CR, 2020 WL 579108, at *1 (Tex. App.—Fort Worth Feb. 6, 2020, no pet.) (mem. op., not designated for publication) ("We notified Appellant of our concern that we lack jurisdiction over this appeal because the trial court had not entered an appealable order or final judgment.").

On December 12, 2019, this Court informed Appellant that, because the trial court had not entered appealable orders or final judgments, the appellate court was concerned that it lacked jurisdiction. *Appellant's Brief* at Appendix, Item 2. This Court informed Appellant that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal,

3

this Court could dismiss the appeal for want of jurisdiction. Id. "Appellant filed a timely response, but it [did] not provide a ground for continuing [the] appeal." Class, 2020 WL 579108, at *1. The trial court proceeded to trial on January 13, 2020.

At trial, Appellant attempted to introduce evidence that R.R. was misappropriating Social Security ("SSI") payments she was collecting in Appellant's name. RR 3:89. Appellant informed the trial court that one of his theories of admissibility of the evidence was that it showed "misconduct on [Rosa's] part because the law requires [Appellant's SSI] funds to be used for the benefit of [Appellant]." RR 3:89-90. He also asserted that the sought-after evidence went to show R.R.'s "bias," because it showed she had a financial motive to lie. RR 3:90. The trial court allowed Appellant to make a bill of exception, but it would not allow the jury to hear the testimony. RR 3:90.

State Appeal Brief, at 7–9.

## II.    GROUNDS FOR RELIEF

The Court understands Class to allege that his trial counsel provided ineffective assistance by failing to: 1) investigate; 2) object to the jury instructions and indictment; 3) present evidence of his medical history and impairment; and 4) properly instruct the jury. Pet. 5, ECF No. 1; Brief 14, ECF No. 1-1.

## III.    APPLICABLE LAW

### A.    Standard of Review

Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in state criminal justice systems, not a substitute for ordinary error correction through appeal. For claims that were adjudicated in state court, § 2254(d) imposes a highly deferential standard that demands a federal court grant habeas relief only where one of two conditions are present in the state court judgment. A federal court may grant relief if the state court adjudicated a constitutional claim contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 100–01

4

(2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Or the court may grant relief if the state court decision was based on an unreasonable determination of facts in light of the record. *Id.* Section 2254(d)'s standard is necessarily difficult to meet because it was so designed.

A state court decision can be "contrary" to established federal law in two ways. *(Terry) Williams*, 529 U.S. at 405–06. The first way is if the state court applies a rule that contradicts Supreme Court precedent. *Id*. at 405. The second way is if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent but reaches an opposite result. *Id.* at 406. A state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *(Terry) Williams*, 529 U.S. at 406. A state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id*. at 407–09. The focus of this test is not on the state court's method of reasoning, but rather on its ultimate legal conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

To determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington*, 562 U.S. at 87. Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness

5

of the state court's decision. *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Further, in reviewing a state court's merits adjudication for reasonableness, a federal court is limited to the record that was before the state court. *See* 28 U.S.C. § 2254(d)(2); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). If a higher state court offered different grounds for its ruling than a lower court, then only the higher court's decision is reviewed. *Id.* "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

This Court must accept as correct any factual determinations made by the state courts unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are

6

necessary to the state court's conclusions of mixed law and fact."); *see also Sumner v. Mata*, 449 U.S. 539, 546–47 (1981) (holding that state appellate courts' findings are entitled to the same respect that trial judges' findings receive). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review."). Further, the district court can "infer the state court's factual findings" so long as "some indication of the legal basis for the state court's denial of relief" exists. *Ford*, 910 F.3d at 235 (citing *Goodwin v. Johnson*, 132 F.3d 162, 184 (5th Cir. 1997)).

Moreover, where the state's highest court's decision lacks any reasoning, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Furthermore, an evidentiary hearing is precluded unless: (1) a petitioner's claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) the petitioner establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). A failure to meet this standard of "diligence" will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000). For example, a petitioner's failure to present controverted, previously unresolved factual issues to the state court can qualify as a "failure" under the plain meaning of § 2254(e)(2). *Id.* at 433.

However, § 2254(e)(2) has "force [only] where § 2254(d)(1) does not bar federal habeas relief." *Pinholster*, 563 U.S. at 185–186. Accordingly, even if a petitioner can leap the § 2254(e)(2) hurdle, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400. And whatever discretion remains after *Pinholster* to hold an evidentiary hearing, it is still appropriate to deny such a hearing if sufficient facts exist to make an informed decision on the merits. *Schriro*, 550 U.S. at 474–75. Petitioner has not met this standard for a hearing, and any such request should be denied.

Finally, pre-AEDPA precedent forecloses habeas relief if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

**B.      Law Applicable to Review of Ineffective Assistance Claims**

The proper standard for determining whether counsel's performance was constitutionally adequate, is that of "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Loyd v. Whitley*, 977 F.2d 149, 156 (5th Cir. 1992). Merely alleging that counsel's performance was deficient is not enough; instead, a petitioner must show that counsel's performance fell beyond the bounds of prevailing, objective, professional standards. *Id.* at 688. Furthermore, in determining the merits of an alleged Sixth Amendment violation, courts "must be highly deferential" to counsel's conduct. *Id.* at 689. A reviewing court "must strongly

presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong of *Strickland*, Class must show that counsel's errors were so serious as to deprive the defendant a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687. The petitioner may not simply allege but must "affirmatively prove" prejudice. *Id*. at 693. To demonstrate prejudice, the convicted defendant must show that, as a result of trial counsel's unprofessional errors, there exists a reasonable probability that the result of the proceeding would have been different. *Id.* at 694; *see Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("In evaluating claims of ineffective assistance during the guilt stage of the trial, the petitioner must show a 'reasonable probability' that the jury would have otherwise harbored a reasonable doubt concerning guilt."); *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (The showing of prejudice must be "rather appreciable;" a mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*). Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

Further, a reviewing court is required to presume that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690; *Amos v. Scott*, 61 F.3d 333, 347–48 (5th Cir. 1995). To make that determination, the Court must examine the proceedings as a whole, giving due consideration to

the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. *Moore v. Johnson*, 194 F.3d 586, 592 (5th Cir. 1999).[3] Moreover, where, as here, the facts adduced at trial overwhelmingly point to the defendant's guilt, any ineffective-assistance-of-counsel claim must fail for lack of prejudice. *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *Williams v. Scott*, 35 F.3d 159, 164 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

Finally, bald assertions without evidentiary support are insufficient to warrant a hearing. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (citation omitted) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional claim"); *Ross v. Estelle*, 694 F.2d 1008, 1013 (5th Cir. 1983) (refusing to hold evidentiary hearing based on Petitioner's bare assertion of ineffective assistance); *In re Vey*, 520 U.S. 303 (1997) (denying petitioner in forma pauperis status because "[h]er various allegations are supported by nothing other than her own conclusory statements that they are true"); *United States v. Flores*, 135 F.3d 1000, 1007 (5th Cir. 1998) (district court properly granted government's motion for summary judgment where petitioner's claims "are conclusory and wholly unsupported by any probative evidence or affidavits in the record").

---

[3] "It bears repeating that the test for federal habeas purposes is *not* whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision–that [the inmate] did *not* make the *Strickland*–showing–was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claims." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

IV.     ANALYSIS

A.      Overview

As a preliminary matter, all the state law issues underlying Class's ineffective assistance claims were determined against him by the state habeas court when it denied his claims on the merits. See SHCR-02, at "Action Taken" Sheet, ECF No. 18-24.   By reviewing Class's application, the habeas record, and trial counsel's affidavit, the state habeas court necessarily found the state law issues underlying the ineffective assistance of counsel claims to be without merit. *Strickland*, 466 U.S. at 687. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citation omitted). Federal courts "may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Federal courts "do not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (citation omitted). Applying *Strickland* here, Class has not met his burden of proof to show either deficiency or prejudice on any of his claims for relief.

B.      Failure to Investigate

Class first alleges that trial counsel was ineffective for failing to investigate, specifically the witness testimonies and the date alleged in the indictment. Brief 19, ECF No. 1-1.

Claims of a failure to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). To establish his failure to

11

investigate claims, Class must allege with specificity what a proper investigation would have revealed and how it would have benefitted him. *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (citing *Green*, 882 F.2d at 1003).

A petitioner alleging inadequate investigation must show what such investigation would have uncovered and how his defense would have thereby benefitted. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993). Under *Strickland*, a petitioner cannot "simply allege but must affirmatively prove prejudice" when complaining of counsel's failure to investigate. *Wilkerson*, 950 F.2d at 1065.

Here, Class fails to show that counsel did not investigate or how further investigation would have aided his cause. *See Smith v. Maggio*, 696 F.2d 365, 367 (5th Cir. 1983) (holding counsel not deficient for failing to investigate when investigation was, in fact, conducted). On state habeas review, trial counsel submitted an affidavit responding to Class's claims of ineffective assistance. See SHCR-02, at 129–141, ECF No. 18-18.  Trial counsel attested that he reviewed all police reports and documents shared during discovery, including interviews with the victim, medical records of the CARE team and SANE exam, and text messages between Class and his wife. *Id.* at 130–32. After reviewing the state writ application, trial record, and trial counsel's affidavit, the state habeas court found trial counsel's affidavit to be credible and supported by the record. *Id.* at 223. The habeas court also found "no evidence that [trial counsel] would have discovered additional evidence had he conducted more investigation." *Id.*  at 223. Thus, Class's assertions fail to establish that the state courts' decision was unreasonable.

### C.    Failure to Object

Class next asserts that trial counsel was ineffective for failing to object to the alleged "on

or about date" in the indictment and to the jury instructions explaining the terminology "on or about." Pet. at 19, 24–28, ECF No. 1-1.

This claim is without merit because it is premised on a misunderstanding of Texas law. Under Texas law, the "on or about" language of an indictment allows the state to prove an offense date at "any time prior to the return of the indictment which is within the period of limitation." *Hill v. State*, 544 S.W.2d 411, 413 (Tex. Crim. App. 1976). Here, the indictment alleged that Class committed the offenses "on or about" September 1, 2016. SHCR-02 at 5, ECF No. 18-18. Class argues that the victim's testimony states the offenses occurred between September 27, 2016 and March 2017. Brief 24–26, ECF No. 1-1. The Court understands Class to argue that, because these dates are after September 1, 2016, the indictment and subsequent convictions were invalid. However, the presentment date of the indictment is September 17, 2017, the date the indictment was filed with the trial court. SHCR-02 at 5, ECF No. 18-18. Any objections to the indictment or the jury instructions on this basis would have been futile.

On state habeas review, trial counsel likewise explained that he did not object to the jury instructions or indictment because they were consistent with applicable law. SHCR-02 at 138, ECF No. 18-13. The failure to raise meritless motions or to make meritless objections is not ineffective assistance of counsel, but rather the opposite. *Koch*, 907 F.2d at 527. This claim is without merit and must be denied.

### D.     Failure to Present Evidence

Class further claims that trial counsel was ineffective for failing to present detective and witness reports, medical records, and expert testimony to support the argument that Class's statements to police were involuntary or the defense that he had committed the assaults while

"blacked-out" on medication. Brief 33-41, ECF No. 1-1.

Claims of ineffective assistance premised on trial strategy are unlikely to state a claim for federal habeas relief. *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) ("[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.") (citations omitted); *see also Yohey*, 985 F.2d at 228 ("[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit [Fifth Circuit] will not second guess legitimate strategic choices."). As explained by trial counsel on state habeas review, trial counsel fully explored Class's "Zoloft" defense—that he was not legally responsible for his actions because the use of Zoloft caused him to commit the offense—as a possible trial strategy. SHCR-02 at 134–36, ECF No. 18-18. Moreover, trial counsel explained in detail that:

> A review of articles and reports concerning this strategy revealed to the undersigned that it was a risky and unwise course of action. It would be inconsistent with the defense of "I did not commit these acts" and would run the risk of alienating the jury by claiming first, "I did not do this." And secondly, "but if I did do it, it was because of Zoloft, and therefore I am not responsible." Because of this and research showing little success of such defense in cases where it was attempted, a decision was made not to pursue this Zoloft strategy.

*Id.* at 135. Trial counsel further attested that he reviewed Class's medical records and found no evidence of mental health impairment. SHCR-02 at 134. On state habeas review, the trial court concluded that counsel's decisions were the result of reasonable trial strategy and Class failed to prove that counsel's behavior fell below an objective standard of reasonableness.

### E.     Failure to Challenge Jury Instructions

Finally, Class claims that trial counsel was ineffective for failing to properly instruct the

jury on the terminology "on or about" as used in the indictment and on the claim that his

statements to police were involuntary. Brief 24-28, 42, ECF No. 1-1. As explained above, there

is no legal basis for these claims as the jury was properly instructed and there was no evidence of

significant mental health treatment prior to the allegations. SHCR-02 at 222–23, ECF No. 18-18.

Furthermore, trial counsel did object to the use of Class's statements to police on the basis that

no *Miranda v. Arizona*, 384 U.S. 436 (1966) warnings were given; however, the objection was

overruled by the trial court. SHCR-02 at 221, ECF No. 18-18.

When a petitioner's ineffective assistance claims have been reviewed on their merits and

denied by the state court, federal habeas relief will be granted only if the state courts' decision

was contrary to or involved an unreasonable application of the standard set forth in *Strickland*.

*See Haynes v. Cain*, 298 F.3d 375, 379-80 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190,

198 (5th Cir.2001). Class failed to meet this burden. His claims must be denied as he fails to

show that his case was prejudiced by alleged trial-counsel deficiency, *see Strickland*, 466 U.S. at

687, and fails to show that the state court decision involved an unreasonable application of the

*Strickland* standard. *See Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997).

## V.   DEFERENCE TO STATE COURT FINDINGS and CONCLUSIONS

Finally, this Court must defer to the state court determinations and deny habeas relief.

Class raised these claims in his application for state writ of habeas corpus. *See* SHCR-02 at 16–

31, ECF No. 18-18.  The TCCA denied Class relief for these allegations on the merits. See

SHCR-02, at "Action Taken" Sheet, ECF No. 18-24. *See generally Singleton v. Johnson*, 178

F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)

(holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim

was declined on grounds other than its merits). The trial court made credibility choices in favor

of the State, and its express factual findings and credibility choices, as well as the implicit

findings that flow from the trial court's credibility choices, are presumed correct in this forum.[4]

The TCCA adopted these determinations when it denied Class's state writ application without

written order on the findings of the trial court. SHCR-02 at "Action Taken" Sheet, ECF No. 18-

24.

Therefore, under AEDPA, Class must show that this decision "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or was "based on an unreasonable determination of the

facts in light of the evidence . . ." 28 U.S.C. § 2254(d). In his petition for federal habeas corpus

relief, Class has repeated the same allegations from his state habeas application and fails to show

that the denial was an unreasonable application of federal law as determined by the Supreme

Court or based on an unreasonable determination of facts in light of the evidence. Class has

failed to meet his burden of proof. As such, Class's § 2254 petition must be denied.

---

4 28 U.S.C. § 2254(e)(1); *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983) (applying presumption of correctness to implicit finding against the defendant's credibility, where that finding was necessarily part of the court's rejection of the defendant's claim); *Valdez v. Cockrell*, 274 F.3d at 948 (presumption of correctness applies to both explicit and implicit findings necessary to support a state court's conclusions of mixed law and fact).

## VI.     CONCLUSION and ORDER

It is therefore **ORDERED** that petitioner Luis E. Class's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th day** of **May, 2024**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

17